STATE

v.

**Raymond PEGUERO.**

No. 94–235–C.A.

Supreme Court of Rhode Island.

Jan. 25, 1995.

Jeffrey Pine, Atty. Gen., Andrew Berg, Aaron L. Weisman, Asst. Attys. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Lynch Hardiman, Paula Rosin, Asst. Public Defender, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court on December 14, 1994, pursuant to an order directing both the state and the defendant, Raymond Peguero, to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant has appealed from his conviction for possession of cocaine after jury trial in Superior Court.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The issues will be summarily decided at this time.

In this case a Providence police officer participated in the execution of a search warrant at a Providence address. The police officer entered the second-floor apartment at the address covered by the warrant to search the premises for cocaine. The defendant was one of the individuals found in the apartment at the time of the search but was not the owner of the apartment. In patting down defendant in the search for weapons, the police officer noticed a folded dollar bill in the vent pocket of defendant's jeans. The officer testified that the dollar bill was folded up "like a little cube" to a size of approximately one and one-half inches by a half an inch. The officer also testified that on the basis of his experience, he finds it very common for narcotics users to carry cocaine in folded paper. The way the paper was folded was recognizable. It was later determined that the powdered substance inside the bill tested positive for cocaine.

The defendant moved to suppress the folded dollar bill and its contents, which were seized from defendant's pocket. The motion was denied. On appeal defendant argues that the evidence should have been suppressed because the plain-view doctrine does not apply to these circumstances. The defendant argues that a folded dollar bill is a common item with no apparent incriminating characteristics. The defendant also cites *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), arguing that the police officer improperly searched his person.

**974**

In *State v. Alamont*, 577 A.2d 665 (R.I.1990), this court distinguished the Supreme Court's holding in *Ybarra*, stating that a search of a private residence differed from one in a public tavern. In *Alamont*, we quote from *People v. Thurman*, 209 Cal. App.3d 817, 257 Cal.Rptr. 517 (1989), in which that court pointed out that the occupants in a private residence that has been determined to be the probable site of drug transactions are very likely to be involved in narcotics trafficking and the chances of such individuals' being armed is greater than in cases such as *Ybarra*. 577 A.2d at 667–68. The present case involves a private residence and is, therefore, analogous to *Alamont*. The defendant's presence in the private residence justified a pat-down search for weapons.

As to the plain-view doctrine, we said in *State v. Wright*, 558 A.2d 946 (R.I.1989), that a police officer "may seize evidence in plain view when '(1) the officer was lawfully in the position that allowed him to see the evidence, (2) the officer discovered the evidence inadvertently, and (3) it was immediately apparent to the officer that the object was evidence of criminality.'" *Id.* at 950 (quoting *State v. Collins*, 543 A.2d 641, 652 (R.I.1988)). Applying those standards to the present case, this court finds it apparent that the plain-view doctrine is applicable.

Finally, defendant argues that the trial justice's instruction to the jury concerning the elements of the criminal charge is in error. In his instruction, the trial justice stated, "Possession of an illegal controlled substance, drugs, gives rise to the inference that the possessor knows what it is that he exercises control over, especially if it is on his person." In *State v. Gilman*, 110 R.I. 207, 291 A.2d 425 (1972), this court discussed the element of knowledge, which is necessary to a conviction for possession of illegal substances. The court concluded that possession of a proscribed substance can give rise to the inference that the possessor knows what he possesses. *Id.* at 217, 291 A.2d at 431. In this case, the trial justice's instructions omitted the word "can."

Although the trial justice did not correctly quote *Gilman*, he informed the jury at least two times during his instructions that the state must prove all elements of the crime beyond a reasonable doubt. He stated that defendant was not required to prove his innocence. He defined the word inference for the jury as "a conclusion which your mind accepts as true because your reason tells you that it is true due to other facts being true."

Although the trial justice did not specifically inform the jurors that they were not required to infer knowledge from possession, he did instruct that the burden of proving each element of the crime rests with the state.

In reviewing the jury instruction, we look at the charge as a whole and shall not examine each portion in isolation to determine its accuracy. *State v. Correia*, 600 A.2d 279 (R.I.1991).

Our review of the instruction charge given persuades us that the charge, as a whole, is correct even though there is an omission of one permissive word.

For all these reasons the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the papers of the case are remanded to the Superior Court.